IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY KENNETH LEE, #184070, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:20-CV-370-ECM |
| SGT. JOHNSON, et al., | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Gregory Kenneth Lee, a state inmate and frequent federal litigant currently incarcerated at the Bullock Correctional Facility ("Bullock"), on May 15, 2020.[1] For the most part, the instant complaint is rambling and disjointed. Nevertheless, the court discerns that Lee alleges Officer Jackson confronted him in the hallway at Bullock on March 17, 2020 and kicked him in his genital area. Doc. 1 at 3–4. He also complains that other correctional officials failed to speak with him or investigate this alleged use of force. Finally, Lee presents additional claims of unconstitutional actions taken against him prior to this incident both

---

[1] The complaint was initially submitted to the Circuit Court Montgomery, Alabama and the Clerk of that court forwarded the complaint to this court for filing. Doc. 1 at 6–7. Lee, executed the *in forma pauperis* application filed with the complaint on May 11, 2020, Doc. 2 at 2, and received the financial information filed in support of this application no sooner than May 15, 2020. Doc. 2 at 3. Thus, this is the earliest date he could have placed the complaint and attached documents in the prison mail system. A pro se inmate's complaint is deemed filed the date he places it in the prison mail system for delivery to the court. *Houston v. Lack,* 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). The court therefore considers the date of filing as May 15, 2020.

at Bullock and other correctional facilities to which he has been assigned. Doc. 1 at 5.  Lee states he is "afraid [his] life is in danger."  Doc. 1 at 4.

## II. DISCUSSION

Upon initiation of this case, Lee filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  Doc. 2.  However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]  Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a "serious physical injury" at the time he filed the complaint must pay the filing fee and concomitant administrative fee upon initiation of his case.[3]  *Dupree v. Palmer*, 284

---

[2] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S. Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."  The Court further determined that the language of § 1915(g) makes it clear that the three strikes provision applies to claims summarily dismissed under 28 U.S.C. § 1915(d) prior to the effective date of the PLRA and, therefore, does not violate the Ex Post Facto Clause.  *Id*. at 728–30; *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).  In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

[3] A filing fee of $350.00 for a non-habeas civil action is imposed by 28 U.S.C. § 1914(a).  As of December 1, 2016, the Judicial Conference also imposed a $50.00 administrative fee, except in habeas cases and in cases brought by persons who are permitted to proceed *in forma pauperis*. 28 U.S.C. § 1914, *Jud. Conf. Schedule of Fees,* No. 14.

F.3d 1234, 1236 (11th Cir. 2002). "The prisoner cannot simply pay the filing [and administrative] fee[s] after being denied *in forma pauperis* status." *Id.*

The records of this court establish that Lee, while incarcerated or detained, has on at least three occasions had civil actions summarily dismissed as frivolous, malicious or for failure to state a claim on which relief may be granted. The cases on which this court relies in finding a § 1915(g) violation by Lee are as follows: (1) *Lee v. Haley, et al.*, Civil Action No. 2:00-CV-985-MHT (M.D. Ala. 2000); (2) *Lee v. Haley, et al.*, Civil Action No. 2:02-CV-1343-WHA (M.D. Ala. 2003); and (3) *Lee v. Holt, et al.*, Civil Action No. 2:03-CV-1055-ID (M.D. Ala. 2003).

Since Lee has at least three strikes, he may not proceed *in forma pauperis* in this case unless the claims raised in the complaint demonstrate that he was "under imminent danger of serious physical injury" upon initiation of this case. 28 U.S.C. § 1915(g). In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). "A plaintiff must provide the court with specific allegations of ***present imminent danger*** indicating that a serious physical injury will result if his claims are not addressed." *Abdullah v. Migoya*, 955 F. Supp.2d 1300, 1307 (S.D. Fla. 2013)) (emphasis added); *May v. Myers*, 2014 WL 3428930, at *2 (S.D. Ala. July 15, 2014) (finding that, to meet the exception to application of § 1915(g)'s three strikes bar, the facts contained in the complaint must show the plaintiff "was under 'imminent danger of serious

physical injury' at the time he filed this action."); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that imminent danger exception to § 1915(g)'s three strikes rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat or prison condition is real and proximate, and when potential consequence is 'serious physical injury.'"); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied*, 533 U.S. 953 (2001)

Upon a thorough review of the complaint, the court finds that the claims set forth therein, including the allegation of a general fear for his safety, fail to establish Lee was actually "under imminent danger of serious physical injury" at the time of filing this cause of action as is required to meet the exception allowing circumvention of the directives contained in 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger of serious physical injury" at the time of filing the complaint to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)).

Based on the foregoing analysis, the court concludes that this case is due to be summarily dismissed without prejudice as Lee failed to pay the requisite filing and administrative fees upon the initiation of this case. *Dupree*, 284 F.3d at 1236 (emphasis in

original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (holding that "[a]fter the third meritless suit, the prisoner must pay the full filing fee at the time he initiates the suit.").

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for leave to proceed *in forma pauperis* filed by Gregory Kenneth Lee (Doc. 2) be DENIED.

2.  This case be DISMISSED without prejudice for Lee's failure to pay the requisite filing and administrative fees upon initiation of this case.

On or before **June 19, 2020**, the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order

based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 4th day of June, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE